UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DUSTIN QUAMAI SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>CRITICAL RESEARCH INC.,<br><br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Dustin Quamai Scott, by and through his counsel, brings the following Complaint against Defendant Critical Research Inc. for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of an employment background check report that Defendant published to Plaintiff's potential employer, which falsely portrayed Plaintiff as a convicted felon.

## INTRODUCTION

1. This is an individual action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

2. Defendant falsely reported to Plaintiff's prospective employer that Plaintiff was convicted of a felony for Carrying a Weapon Within School Safety

1

Zones or School Functions as Non-license Holder. Defendant's reporting is grossly inaccurate and untrue.

3. Plaintiff has never been convicted of a felony in his life.

4. Plaintiff's prospective employer denied Plaintiff's job application after receiving an employment background check report from Defendant, which included the inaccurate felony conviction.

5. Defendant's inaccurate reporting could have easily been avoided had Defendant performed a cursory review of the widely available public court records from Carroll County, Georgia regarding the felony offense prior to publishing Plaintiff's report to his prospective employer.

6. Had Defendant performed even a cursory review of the public court records, it would have discovered that Plaintiff has never been convicted of a felony.

7. Defendant committed these violations pursuant to its standard policies and practices, which harm innocent consumers seeking employment by prejudicing their prospective employers with inaccurate criminal record information.

8. Defendant's inaccurate report cost Plaintiff a good paying job and job security.

9. As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims against Defendant for failing to follow reasonable procedures to assure maximum possible accuracy based on 15 U.S.C. § 1681e(b) of the FCRA.

## PARTIES

10. Plaintiff resides in Villa Rica, Georgia and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

11. Defendant Critical Research Inc. ("Defendant") is a consumer reporting agency that maintains its principal place of business at 5755 North Point Pkwy, Suite 279, Alpharetta, GA, 30022. Defendant can be served at its registered agent for service Dovin, Edward J. at Five Concourse Parkway , Suite 2775 Atlanta, GA 30328.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

13. Venue is proper in this District under 28 U.S.C. §1391(b).

## FACTS

**Plaintiff Applies for a Job with North Georgia Staffing/Decostar ("Decostar")**

14. On or about February 26, 2025, Plaintiff applied for employment opportunities in the industries and automotive field through North Georgia Staffing Inc./Decostar ("Decostar").

15. The job offer was conditioned upon Plaintiff passing a background check.

16. Decostar and/or its staffing agency contracted with Defendant to conduct background checks, including criminal background checks, on its prospective employees.

17. On or about February 28, 2025, Decostar and/or its staffing agency ordered a criminal background check on Plaintiff from Defendant.

18. On or about March 3, 2025, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold it to Decostar.

19. Within that consumer report, Defendant published inaccurate information about Plaintiff.

20. Specifically, Defendant's consumer report about Plaintiff included a grossly inaccurate and stigmatizing felony reckless conduct conviction from Carroll County, Georgia which appeared in the consumer report as follows:



21. The felony for Carrying a Weapon Within School Safety Zones or School Functions as Non-license Holder conviction reported by Defendant about Plaintiff is inaccurate.

22. Plaintiff has never been convicted of a felony in his life.

23. A cursory review of the widely available public court records confirms that Plaintiff never pled guilty to or was convicted of felony reckless conduct.

24. Rather, the public record confirms that Plaintiff was only ever convicted of misdemeanor reckless conduct.

25. Had Defendant followed reasonable procedures, it would have discovered that Plaintiff has never been convicted of a felony and that it should not have reported the same.

26. In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective employer inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**North Georgia Staffing/Decostar Denies Plaintiff's Job Application**

27. On or about March 7, 2025, Plaintiff received a verbal notification from North Georgia Staffing, through Decostar, that his employment application(s) was denied as a direct result of the felony conviction reported by Defendant.

28. On or about March 11, 2025, Plaintiff through e-mail, obtained a copy of the subject consumer report and was shocked upon reviewing the felony reckless conduct conviction contained within the subject consumer report.

29. Plaintiff was panicked, confused, and concerned about the impact of the inaccurate reporting that he was a convicted felon.

30. Specifically, Defendant reported a felony conviction that is clearly labeled in the underlying court records as a *misdemeanor*. The underlying court records were available to Defendant prior to publishing Plaintiff's consumer report to Decostar, but Defendant failed to obtain or perform even a cursory review of such information.

31.  Defendant's false report cost Plaintiff a promising, well-paying job with Decostar.

32.  Plaintiff is 26 years old and in the process of establishing his life and career growth.

33.  Plaintiff was looking forward to commencing his employment with Decostar because he was qualified to successfully perform the work and was passionate about the field.

34.  Due to Defendant's unreasonable procedures in the first place and despite Plaintiff's continued efforts to seek employment, Plaintiff ended up unemployed.

35.  As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

## COUNT I
## Violations of 15 U.S.C. § 1681e(b)

36. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

37. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

38. Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

39. The above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

40. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

41. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendant negligently and/or willfully violated the FCRA;

ii. Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv. Granting further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: May 29, 2025

By: */s/ Moshe Boroosan*
Moshe Boroosan, GA Bar #744128
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367

9

T: (718) 887-2926
F: (718) 247-8020
E: mboroosan@consumerattorneys.com

*Attorneys for Plaintiff Dustin Quamai Scott*